The next case on our calendar is Alexandra Fialos versus New York City Department of Education. Good morning. I apologize, your honor, I lost my place on the calendar. Good morning, may it please the court, my name is Rory Bellantoni and I do represent the plaintiff Alexandra Fialos in this matter. Counsel, what does the plaintiff actually want? Judge Kotal was trying to find out what she actually wanted. It looks like she won everything she asked for. Well, your honor, I know there's an issue with respect to the judge's decision and holding that in a declaratory judgment in a case like this, there wouldn't be an issue that is redressable in the proceeding. I just like to represent to the court. Do you agree with that? Do you agree that there's no issue? No, I don't. I don't agree there's no issue and here's why. The plaintiff pled in its complaint and the Department of Education concedes in its memo of law at page 10 that the plaintiff sought an injunction under the IDA in this case, equitable relief and damages over the department's failure to implement the entirety of the impartial hearing officer's order and declaratory relief stating that the department violated her rights. Didn't they subsequently grant the period from June to October and didn't they grant for the following year tuition for the following year, 19 or 1920? They did that during oral argument. They ultimately did, however, your honor, the issue in this case, if you give me a moment, I do apologize. The issue in this case is that at the time the complaint was filed, the department had not complied with the impartial hearing officer's decision. And in the recent case, they subsequently complied. The answer, your honor, is in a recent case of, and I apologize for butchering the pronouncement, Uzwegenbaum versus Przewski from the Supreme Court, March 8th, 2021. And the site is 2021 U.S. Lexus 1372. And in that case, the court held in an eight to one opinion that, and let me go right to the holding so I don't get it wrong, because every violation of a civil right or of an important right, I'm sorry, because every violation of a right imports damage, nominal damages, can redress a plaintiff's injury, even if he cannot choose or chooses not to quantify the harm in economic terms. Here, there was clearly a violation. But here's the harm in economic terms was quantified and you collected or you will collect it. So why not take yes for an answer? Because in addition to the harm in failing to pay the tuition, there was a harm here as Judge Ramos indicated in Melendez versus New York City 420F sub 3rd 107. Judge Ramos held that where that the IDA, where there's an alleged violation of a state put provision of the provision of the IDA creates a procedural right, it follows in the violation of the state put provision provides a cause of action in that the IDA creates an injury. If I could just follow up with the same, I think we're all asking the same thing, but like, what is it that Miss Fialos wants? That's the simple question. At this point, Miss Fialos is looking for, and it's not an advisory opinion, because her right was violated. And as the Supreme Court has recently held, nominal damages will put you over the threshold for mootness. Miss Fialos wants an order declaring that her right was violated, because the student is currently under 21 and will continue to seek pendency from year to year. This case is not about a unilateral placement. This case is about when a pendency order issues, the district's obligation for funding and for placement is immediate. In this case, the district chose not to pay, not to abide by the IHO's order. It was issued the 15th of October. The SRO held that at least payment from October forward should have been made. No payments were made until February 26th. Counsel, haven't they subsequently made those payments? They subsequently made the payments, both in terms of the FOFD that was ultimately issued and with respect to the pendency order. But the problem is, this student will from year to year be entitled to pendency. The district court basically didn't resolve the issue of whether the school district can issue a self, can engage in self-help and grant itself a stay. Judge Preska in the LV case recently held when the DOE stopped making payments on pendency orders and FOFDs in March due to the COVID pandemic, although it claimed it had a reason for doing so, Judge Preska said no, absolutely cannot stop paying with respect to an order because you think the order isn't applicable. The problem going forward is Ms. Fialos next year gets another pendency order. If the school district feels for some reason that that order might not withstand appeal and chooses not to pay the pendency with respect to the order, Ms. Fialos what is the risk of perhaps being thrown out of the school? Counsel, the nature of a declaratory judgment is that there is an ongoing dispute between the parties over the particular payment action or whatever. And therefore a declaration is needed in order for the parties to understand what their disputed obligations are. I don't think you have any basis for saying that the school district is planning to stop payment in the future, nor can you say that circumstances will not change in the future in such a way that that payment can be ended. So I don't see what the ongoing dispute is for which a declaration needs to be made. Can you tell me? In ACLU versus United States Conference of Bishops at 705 F-344, a court that the second circuit relied on, this is a first circuit case, the court said for declaratory relief to withstand a mootness challenge, the facts alleged must show there's a substantial controversy. And I won't read it all, but the tests are the traditional tests applied to mootness, voluntary cessation, and capable of repetition yet evading review. In this case, it's not that we know for certain, it's that the district has engaged in this behavior. And the behavior is where there's a state put provision protecting a child's right to a penalty. But if it's capable of repetition, why would it evade review? Well, the way it may in this case, and that's to the extent that the district chooses not to pay it and then alleges it's moot, it's a voluntary cessation case. They don't pay. Penalty is a very short period of time. If the circumstances are the same, and the school district chooses not to pay, under what theory, I mean, unless they masochistically wish to pay attorney's fees in addition to paying what they owe, I don't see how anyone can expect the school board to refuse payment unless the circumstances change. If your client ages out, or is no longer subject to the disability that gave rise to this claim, if circumstances change, that may be. But I don't know what the present dispute is that needs a declaration to resolve. But that's the very point. The It very well could have sought a stay before the district court, could have brought an action itself to stay the opinion if it thought it was wrong. In this case, the SRO upheld the decision and said you have to pay pendency. But this was four months later. The purpose of pendency, when Congress created that state put provision, was that during proceedings, the child shall stay put. That applies to placement and pendency as a funding component. And for the DOE to take it upon itself. You have three minutes for a rebuttal. I'll let you retain that and we'll hear from the state. Eric Lee for the Department of Education. Just a couple of points to echo what I think the panel is reflecting. This case is no, there is no live controversy. I want to just squarely opposing counsel's suggestion that this is going to reoccur. It's not going to reoccur. While the child may seek a pendency order every year, it is now undisputed that her current school, that the school she's been attending all along, I-Brain, is going to be her pendency placement. So as long as the parents don't attempt to transfer this minor to another school, the state is committed to paying tuition and not to holding it up at the start of every year. Is that correct? That's correct. It's the pendency placement. Unless an administrative review officer changes pendency based on a merits decision on the final, on the merits of an I-B dispute, things won't change. So this idea is really a fantasy. And I think it's important to remember that this situation won't ever reoccur because this circuit last year in May in Ventura Di Paulino squarely discredited the theory that the parent was trying to use to get pendency. I don't think I need to reiterate. I think several of the judges on this panel have heard variations of this case where these parents unilaterally decide to go to a new school and say, based on their unilaterally move, they're entitled to a pendency order. This circuit squarely rejected it in Ventura Di Paulino, reaffirmed that in Soraya, reaffirmed that in Nesky, and then summarily affirmed cases that were still brought by this firm and other parents who made the unilateral move. It's crystal clear. And I think it's very telling that opposing counsel doesn't even mention the Ventura Di Paulino opinion at all. Without recognizing that fact, you don't understand the context. The entire theory of their case falls apart. And because it is settled law that a plaintiff seeking a declaratory relief or judgment can't rely on past injury, this case is moot. We have given everything that they have asked for because of how the administrative proceedings have happened. Because they won on the merits, we paid for the tuition. And that's what they wanted. So I'm not really, again, I think we're left with the question that the district court judge was left with, which is, why are you pressing forward with the case when you've gotten everything? And of course, at the time, the district court didn't have the benefit of Ventura Di Paulino opinion. But now that this is in front of everybody, the entire theory of the case has been discredited. So unless your honors have any further questions, I would just, again, reiterate that this case is definitely moot. And to the extent this panel feels like it needs to find that, as we pointed out in our brief, the motions panel decision doesn't bind this court on jurisdictional questions. Thank you, counsel. Mr. Bellantoni, you have three minutes for rebuttal. Yes. Bearing in mind that the government says they gave you everything you asked for, and that was Judge Codall's position as well. You got what you asked for. Again, your honor, based on the recent Supreme Court decision, the fact that a right was violated, that penancy payments were not made when the IHO required them to be made, the plaintiff suffered an injury which could be redressed by nominal damages. In that case... Can an injury be redressed by nominal damages in addition to the real damages? So if the tuition was $18,000, can the parents insist on $18,002 on a theory that nominal damages in addition to the real damages? Because it looks like nominal damages is what you get when you don't have any other kind of damages. I would say, to answer your honor's question, yes, because there are two separate injuries here. There was not paying the pendency, which has been paid, and the violation of the stay put provision in and of itself. The violation of the stay put provision was not paying the pendency, correct? It was not abiding by the IHO's order. And it's not a distinction without a difference. The order to pay the pendency. The order to pay pendency. But the order said, well, not the order, but under case law, the obligation is immediate. And they said, we're not going to pay pendency until we take an appeal. If I just may start with Justice Roberts' dissent in this recent case, it was a case that challenged two college students to speak on a college campus. By the time the Supreme Court heard the case, as Judge Roberts indicates, the two students were no longer students at the college. The challenge restrictions no longer existed. They were changed. And the petitioners did not allege actual damages. He felt the case was moot. I'm sorry. The Supreme Court, the other eight justices said, it's not. There was an injury that can be redressed. When the right was violated, you're entitled to at least nominal damages. And again, I understand that here we're saying the cost of the tuition is the damage, but it's more fundamental than that. When a plaintiff or a child gets an order requiring pendency, the DOE has to obey it. Judge Nathan, in a recent case, and it's in our papers, I won't cite the case. They argued that in front of Judge Nathan. She held that they cite no case law, although there's thousands of cases on IDEA regulations and interpretations. There's no case law anywhere that says the DOE has a right to withhold payment. In fact, in 34 CFR, I'm sorry, it's 30514A talks about finality of hearing decisions. A hearing is final, except it may be appealed. And to the extent they argue that that doesn't apply to two-tier system, D talks about the two-tier system where there's a review decision by an SRO. The decision made by the officer is final unless a party brings a civil action. So it's clear that these orders are final. They're not obeyed. If I can, and I know I'm running out of time, when counsel says this issue isn't likely to be addressed, the issue isn't in the unilateral placement. What we have happening now is the DOE takes so long to resolve these matters, not the 30 days required by law, not the 75 days, but sometimes three, four, 500 days. And IHO issues a pendency order slash FOFD where it requires the pay a prior year's tuition. Can you still hear me? I lost the video. Yes. Where the IHO requires the district to pay the prior year's tuition. And because it's already happened, he doesn't want to go into a long or lengthy analysis. He deems it a pendency order. As you heard counsel say before, they take the position that only an unappealed decision to the SRO can constitute a pendency determination or basis for pendency going forward. So now we have pendency orders that are being issued by IHOs to fund a student's education from last year, two years, three years ago. And because they don't believe that's a binding decision, a pendency order, in some instances they refuse to pay the pendency and others they pay it, but refuse to pay it in the next school year, alleging that that order doesn't carry over. So are you seeking the time value of the money of the late payment? Is that what you're looking for? I'm sorry, say that again, Judge. Are you looking for the time value of the late payment? In other words, interest on the owed amount? Is that what you're seeking? Well, Your Honor, it was not part of my argument today, although I had put it in my notes that I didn't get to it. There are other damages here. The interest on the payment would be one of them. But again, go ahead, Your Honor, I'm sorry. No, I have nothing. You answered my question. And the reason, and this was asked before, why is this capable of evading review? Because pendency orders are short in duration. Because these matters exist from year to year in a 12-month world, if a pendency order is issued, exactly what happens here happens going forward. It's not paid based on pendency, an FOFD comes down requiring you to pay the tuition and it's paid. And the court never rules, like the district court, on whether or not the school district can simply not pay a pendency order because it wants to take an appeal. Counsel, your time now has surely expired. Thank you, Judge. And I apologize for the confusion at the beginning of the argument. I thought I was third and I only saw one case before me and I didn't realize I was up next. So I apologize. Thank you both for reserved decision.